UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRANDON PHILLIPS, SR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 3:24-CV-45-PPS-JEM |
| | ) | |
| RON NEAL, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

Brandon Phillips, Sr., a prisoner without counsel, filed a "Motion to Compel Defendants' Response to Request for Production (ECF 85)" [DE 111].

The Court has "broad discretion to limit and manage discovery under Rule 26 of the civil rules." *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). "[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The Court should consider such factors as "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* For "good cause . . . [and] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court can preclude the discovery of otherwise relevant information, Federal Rule of Civil Procedure 26(c)(1)(A), or require that information "be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Phillips is proceeding on two claims in this case: (1) a claim against Officer Cross, Lieutenant Smith, Officer Crockett, Sergeant Walton, Lieutenant Cain, Ms. Mayes, and Dr. Chico in their personal capacity for money damages for denying him medical care for injuries he suffered in a January 2023 fire in violation of the Eighth Amendment; and (2) a claim against Commissioner

1

Reagle, Warden Neal, Assistant Warden Buss, Major Wardlow, Safety Manager Taylor, and Fire Training Supervisor Beecher in their personal capacity for monetary damages for deliberate indifference to the risk of harm posed to him by the fire in violation of the Eighth Amendment. [DE 17]. The parties have been engaged in extensive discovery since December 2024. [DE 45]. In response to Phillips' requests, Defendants have turned over more than 1,000 pages of documents, videos, and other tangible evidence. *See* [DE 96, 101, 102, 103, 116]. They have also responded to Phillips' numerous interrogatories and requests for admission. *See* [DE 62-74, 83-84, 89-91, 95-96, 99-100].

The present dispute centers around the following request for production of documents made by Phillips: "Please produce any and all discovery you have produced in the suit that was brought by the family of Mike (the prisoner that died in the fire in January 2023)." [DE 85] at 7. The State Defendants objected to this request as "overbroad, vague, unduly burdensome, goes beyond the scope of discovery and does not meet Rule 34(b)(1)(A)'s threshold of reasonable specificity."[1] [DE 102].

In his motion, Phillips cites case law and makes arguments about being entitled to "cloned" discovery requested by attorneys. [DE 111] at 1-2. The Court need not decide whether he is entitled to "cloned" discovery as a theoretical matter, however, because his request suffers from a much more basic problem: It is significantly overbroad and implicates the privacy rights of third parties.

Under Rule 26, Phillips is only entitled to conduct discovery relevant to *his* claims, not to claims brought by parties to another lawsuit. The question raised by this lawsuit is whether the named Defendants exhibited deliberate indifference to Phillips' right to safe housing under the

---

[1] Dr. Chico objected to the request as vague and ambiguous, but notwithstanding the objection answered that she had no responsive documents in her possession. [DE 99] at 1. To the extent Phillips is moving to compel her to produce documents, there is no indication from the present record that she has any. The Court cannot compel her to produce documents she does not have. *See* Fed. R. Civ. P. 34.

Eighth Amendment, and whether they denied him medical care for a serious medical need. Claims sounding in other legal theories against other prison staff regarding their treatment of another inmate fall far outside the scope of those claims. Additionally, Phillips is not entitled to sensitive medical information pertaining to the inmate who died in the fire, which is not relevant to his claims and implicates the privacy rights of third parties. It would be particularly inappropriate to provide personal information about this inmate to Phillips, a current inmate within the Department of Correction, as it has the potential for misuse.

Phillips does not offer any manner in which his request might be reasonably narrowed. As drafted, the Court finds the request overly broad, unduly burdensome, and disproportional to the needs of the case. *See Motorola Sols. v. Hytera Commc'ns Corp.*, 365 F. Supp.3d 916, 925 (N.D. Ill. 2019) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures [a party's] attention.").

For these reasons, the Court **DENIES** plaintiff's motion to compel [DE 111].

SO ORDERED this 7th day of July, 2025.

       s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All Counsel of Record  
      Plaintiff, *pro se*